George Storm, Respondent, *v.* The New York Elevated Railroad Company and Another, Appellants.

*Elevated railroad — structures erected by the owner, unremunerative because of the road — liability of the company for the damage.*

The character of a neighborhood, so far as it is due to the existence and operation of an elevated railroad, presents no bar which will prevent an owner from improving his property with the best of structures, and the railroad company must compensate him for damage resulting to such structure by reason of its continuing trespasses.

If the railroad company desires to prevent the application of the rule it must condemn the right which it has seized and appropriated. Until it does so, an owner cannot be prevented from improving his property as he sees fit, and if such improvements do not make the return they would have done had there been no elevated road in the avenue or street, the elevated road must compensate the owner for such loss.

Appeal by the defendants, The New York Elevated Railroad Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 3d day of February, 1894, upon the decision of the court, rendered after a trial at the New York Special Term, awarding the plaintiff past damages to his real estate caused by the operation of the defendants' elevated railroad and enjoining and restraining the defendants from the further maintenance of their railroad unless they pay to the plaintiff the sum of $12,000 for the easements so taken by them.

*R. L. Maynard*, for the appellants.

*William G. Perkins*, for the respondent.

Van Brunt, P. J.:

Upon an examination of the evidence in this case I am of the opinion that the damages awarded were too high.

This apartment was built long after the elevated railroad was erected, and long after the effects of its operation upon adjacent property were well known. It is, therefore, difficult to understand how its operation could have caused any falling of the rents in the apartment. It might well be the cause of an inability to procure as advantageous rents as otherwise would have been obtained, but a situation existing before the erection of the building, the effects of which are well known, could not be the cause of a fall in rents once obtained. If any such fall did occur we must look for some other cause.

In the case at bar this cause seems to be apparent. It appears that a fictitious scale of rental was established by the builder of this apartment, undoubtedly to give it an apparent enhanced value by giving to tenants of these apartments agreeing to pay these excessive rents a period of time free from rent. When the apartment changed hands this deceptive practice was discontinued and the scale of rents naturally fell, and it took some time for them to find their level.

It is also claimed by the appellants that another reason for the apparent smallness of rent received is because of the fact that the apartment is better in its construction than the neighborhood in which it is situated warrants; that if situated at the corner of Lexington avenue (where there is no elevated road) it would rent much better.

The character of the neighborhood, so far as it is affected by the existence and operation of the elevated railroad, affords no bar to an owner from improving his property with the best of structures, and the elevated road must compensate for damage to such structure by its continuing trespasses. If it desires to prevent the application of this rule it must condemn the right upon which it has seized and which it has appropriated. Until it does this, an owner cannot be prevented from improving his property as he sees fit, and if such improvements do not make the return they would have done had there been no elevated road in the avenue or street, the elevated road must compensate for such loss.

I am of the opinion, therefore, that the damages for lost rentals should be reduced to $7,058, and the fee damages to $9,000, with interest from date of entry of original judgment, the extra allowance to be reduced accordingly, and the judgment, as thus modified, affirmed, without costs.

BARRETT and FOLLETT, JJ., concurred.

Judgment modified as directed in opinion, and affirmed as modified, without costs.